## In re JACK FOREMAN.

No. A-10598.    May 31, 1945.
(159 P. 2d 274.)

Sid White, of Oklahoma City, for petitioner.

Randell S. Cobb, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for respondent.

BAREFOOT, P. J.    Petitioner, Jack Foreman, has filed in this court his petition for habeas corpus, alleging

that he is at present confined in the State Penitentiary at McAlester. That his imprisonment is by reason of a judgment of the district court of Seminole county, Oklahoma, entered on the 1st day of November, 1928. A copy of the judgment and sentence is attached to the petition.

As a basis for the release of petitioner by habeas corpus, it is alleged:

"That said judgment and sentence is wholly void, in that it attempted to imprison this petitioner for the offense of murder for a term not provided nor permitted by law."

The Attorney General has filed a response on behalf of the Hon. R. B. Conner, warden of the State Penitentiary. In this response, it is alleged that defendant was charged with the crime of murder, which includes manslaughter in the first degree and manslaughter in the second degree, as included offenses. That the jury found the defendant guilty of manslaughter in the first degree and requested the court to assess the punishment.

In compliance with this request, the court entered judgment and sentenced the defendant to serve 25 years in the State Penitentiary. In the judgment and sentence, which was in printed form and evidently prepared by the court clerk, it is stated, "informed against for the crime of murder" and "the court does now hereby adjudge and sentence the said Jack Foreman for the offense by him committed." It is by reason of the above terms in the judgment and sentence that petitioner contends that the judgment is void because it does not state that the defendant was found guilty and sentenced for manslaughter in the first degree, and not for murder.

We have examined the authorities cited by petitioner, and are of the opinion that this contention cannot be

sustained. Under the charge of murder defendant could be convicted of manslaughter in the first degree as an included offense. A copy of the verdict of the jury is attached to the response filed by the warden, and it is as follows: (Omitting the caption)

"We, the jury, drawn, impaneled and sworn in the above entitled cause, do upon our oaths find The Defendant Jack Foreman guilty of manslaughter in the first degree as charged in the information herein and request the court to assess the punishment."

The judgment and sentence states: "for the offense by him committed." This clearly shows that petitioner was sentenced for manslaughter in the first degree in conformity with the verdict of the jury. The punishment for murder, under the statute, is death or imprisonment in the State Penitentiary for life. The punishment could not, therefore, have been for murder.

We find that there is not sufficient irregularity in the judgment and sentence to justify the remanding of this case for resentence by the trial court.

For the reasons above stated, the petition for habeas corpus is denied.

JONES, J., concurs. DOYLE, J., not participating.